**TERZIAN v. TILLINGHAST, Commissioner of Immigration.**

District Court, D. Massachusetts. June 20, 1929.

No. 4079.

804

Morton M. Lewis, MacKusick, Hoe & Wenrich, and Arthur W. Hoe, all of Boston, Mass., for petitioner.

MORTON, District Judge. The petitioner claims admittance as an alien student under the Act of May 26, 1924 (8 USCA § 204(e), which provides that: "An immigrant who is a bona fide student at least fifteen years of age and who seeks to enter the United States solely for the purpose of study at an accredited school," etc., may be admitted outside the quota.

The immigration tribunals decided that the petitioner was not a bona fide student. The question is whether their decision was unreasonable and arbitrary in view of the evidence presented.

The petitioner is an American woman 20 years of age. She originally lived in Smyrna; but for several years the family consisting of herself, her father, mother, and two younger brothers has lived in France. While there she worked more or less in a textile mill. Her older sister is married and living in this country, and is apparently well to do.

The petitioner asserts that she comes here to study music at a school approved by the Secretary of Labor for advanced students. The immigration tribunals regarded this claim as a colorable pretext to get into this country. In my opinion such a finding was not unreasonable or arbitrary upon the evidence submitted. The petitioner testified explicitly that she never had any desire to study music until her sister suggested it to her; that "she wrote to take piano lessons so that she would send money to come to this country to study" (Record, p. 5); that she (the petitioner) began piano lessons in August, 1928, and stopped a couple of months before coming here, because "there were no hopes (of) coming over to the United States" (page 4); that "my sister wrote and said there were too many students coming to the United States, and I stopped taking lessons" (page 5). The sister's testimony is substantially different. But, of course, the immigration tribunals were entirely within their province in deciding which to believe. Ex parte Menaregidis (D. C.) 13 F.(2d) 392.

Petition dismissed.